Opinion to: SJR TJ EVK ERA GCH LCH JB JS MM









Opinion issued October 15, 2009 

                                                                        

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00814-CV

NO. 01-09-00815-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



In re
David Arnold Northrop, Relator

 

 



Original Proceeding on
Petitions for Writs of Mandamus 

 

 



OPINION[1]

Relator, David Arnold Northrop, filed a petition for writ of
mandamus on September 21, 2009, seeking mandamus relief compelling the trial
court to vacate its orders from August 11, 2009 and August 25, 2009, striking
Northrop’s petition in intervention.  Northrop also requested a stay of
the trial set for September 22, 2009 on the ground that he should have been
allowed to intervene to participate at the trial.  We granted a stay on
September 21, 2009 so that we could consider Northrop’s arguments.  On
October 7, 2009, having reviewed the record and the briefs, we concluded that
the trial court did not abuse its discretion in denying Northrup’s petition to
intervene, lifted the emergency stay, and denied mandamus relief.  We
withdraw our opinion of October 7, 2009, and issue the following in its stead.[2]

Background

Northrop is the maternal great uncle of the two children who
are the subjects of the underlying suits affecting the parent-child
relationship (SAPCR).  Northrop resides in Indiana, and has no substantial
contacts with the children.  The Texas Department of Family &
Protective Services (“Department”) initiated the SAPCR against the biological
parents of the children, seeking emergency protection on April 29, 2008.  Tex. Fam. Code Ann. § 262.104 (Vernon 2008). 
The trial court entered emergency orders giving the Department temporary
managing conservatorship of the children on April 29, 2008.  The emergency
orders set a one year dismissal date of May 4, 2009.[3]  An
adversarial hearing was held pursuant to Texas Family Code Section 262.201 on
May 13, 2008.  At that hearing, the court found the emergency protection
of the children was appropriate and the Department should continue to serve as
temporary managing conservator of the children. See Tex. Fam. Code Ann. § 262.201 (Vernon Supp. 2009).   

Before the one-year deadline expired, the court granted
extensions in both cases to the latest possible date for trial on the merits
before the suits were subject to dismissal: October 31, 2009. See Tex. Fam. Code Ann. § 262.104 (Vernon
2008) (allowing for a one-time stay of 180 days).   To accommodate
this deadline, the court set the cases for trial on September 22, 2009. 

Just over two months before the trial date, on July 17, 2009,
Northrop filed his first set of petitions to intervene, seeking termination of
parental rights, appointment as sole managing conservator, and adoption of the
children.  Attached to the petitions were affidavits of relinquishment of
parental rights, signed by the children’s parents on July 2, 2009, naming
Northrop as managing conservator of the two children.  The Department
filed a motion to strike the petition in intervention on August 5, 2009. 
After a hearing on August 11, 2009, the court granted the motion to strike. 

Subsequently, Northrop filed a second set of petitions to
intervene on August 14, 2009, accompanied by new affidavits of relinquishment
signed by the parents on August 13, 2009.  Stephanie Lancaster, the
children’s current caregiver, filed a motion to strike these petitions on
August 21, 2009.  The court struck Northrop’s second petitions in
intervention on August 25, 2009. 

A month later and on the day before this case was set for
trial on the merits, Northrop filed this action seeking mandamus relief
compelling the trial court to vacate its orders striking his petitions in
intervention.  Additionally, Northrop requested emergency relief to stay
the trial, scheduled to begin on September 22, 2009.  We granted an
emergency stay on September 21, 2009.  

Northrop argues that the trial court abused its discretion by
striking his petitions in intervention.  The Department responds that the
trial court did not abuse its discretion because Northrop sought to intervene
too near the dismissal deadline and that such an untimely intervention would
jeopardize the trial with dismissal under the statutory deadlines.  

Standard of Review

Mandamus is an extraordinary remedy, available only when a
trial court clearly abuses its discretion and there is no adequate remedy by
appeal.   In re Tex. Dep’t of Fam. & Prot. Servs., 273
S.W.3d 637, 643 (Tex. 2009);  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004).   A trial court commits a clear abuse
of discretion when its action is “so arbitrary and unreasonable as to amount to
a clear and prejudicial error of law.” In re CSX Corp., 124 S.W.3d 149,
151 (Tex. 2003) (quoting CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996)).  With respect to factual issues, matters are committed to the trial court’s
discretion, and the reviewing court may not substitute its judgment for that of
the trial court.  In re Parnham, 263 S.W.3d 97, 101 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992)).  The relator must establish that the trial court
reasonably could have reached only one decision.  Id.  “An
appellate remedy is ‘adequate’ when any benefits to mandamus review are
outweighed by the detriments.” In re Prudential, 148 S.W.3d at
136.  

Although mandamus is not an equitable remedy, its issuance is
largely controlled by principles of equity.  In re Roxsane R., 249
S.W.3d 764, 771 (Tex. App.—Fort Worth 2008, orig. proceeding) (citing In re
Users Sys. Servs., Inc., 22 S.W.3d 331, 337 (Tex. 1999); Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993)).  One of these
equitable principles is that “equity aids the diligent and not those who
slumber on their rights.” Id. (citing Rivercenter Assocs.,
858 S.W.2d at 367).  Thus, mandamus relief may be denied when a party
delays asserting its rights without justifiable explanation.  Id. (citing Rivercenter Assocs., 858 S.W.2d at 367). 

The Law

A trial court has discretion in deciding whether to strike an
intervention in a SAPCR.  Tex. R.
Civ. P. 60.  Texas Rule of Civil Procedure 60 provides that “[a]ny
party may intervene by filing a pleading, subject to being stricken out by the
court for sufficient cause on the motion of any party.”  Id.


Pursuant to the Family Code, the best interest of the child
should be the primary consideration for the court in determining the issues of
conservatorship and possession of and access to the child. Tex. Fam. Code Ann. § 153.002 (Vernon
2008).  It is presumed that the prompt and permanent placement of the
child in a safe environment is in the child’s best interest.  Tex. Fam. Code Ann. § 263.307 (Vernon
2008).  Delay in the prompt and permanent placement of a child caused by
the late filing of an intervention has been held sufficient cause for a trial
court to strike an intervention in a SAPCR.  See In re C.A.L., No.
02-05-308-CV, 2007 WL 495195, at *8 (Tex. App.—Fort Worth Feb. 15, 2007, orig.
proceeding)(mem. op.); Oehlerich v. Tex. Dep’t Prot. & Reg. Servs.,
No. 03-98-00309-CV, 1999 WL 546970, at *2 (Tex. App.—Austin July 29, 1999,
orig. proceeding)(not designated for publication).  

In In re C.A.L., a grandmother, who was designated as
a conservator in an affidavit of relinquishment, petitioned to intervene
fourteen months after the Department was appointed temporary managing
conservator and just two months before the case was set for dismissal under the
extended deadline.  In re C.A.L., 2007 WL 495195, at *8.  In
support of its motion to strike, the Department argued that because of the
dismissal deadline approaching in six weeks, the Department had inadequate time
and opportunity to investigate the appropriateness of the grandmother who was
seeking to intervene.  Id.  On appeal, the court held it was
not an abuse of discretion to strike the grandmother’s petition in intervention
filed two months before the dismissal date.  Id. at
*9.  

Similarly, in Oehlerich, a grandmother petitioned to
intervene eight months after the Department initiated the SAPCR and just two
months before the case was set for trial.  Oehlerich, 1999 WL
546970, at *1–2.  The trial court granted the motion to strike, explaining
that “intervention must be timely and should not be allowed when it would delay
the cause, unless the intervenor demonstrates facts which justify tardiness in
coming forward.”  Id. at *2.  The Austin Court of
Appeals held that it was not an abuse of discretion to strike the petition to
intervene because the petition was untimely and the grandmother offered no
evidence to justify her late intervention.  Id. at *2.  The Oehlerich
court notes, 

In the absence of a prescribed
time, the issue of timeliness is governed by equitable principles and
determined by the facts and circumstances of the particular case. 
Relevant factors may be the purpose for which intervention is requested; the
point to which the suit has progressed and the time elapsed from its
initiation; the length of time the applicant knew of his interest in the
litigation; possible prejudice occasioned to existing parties by the delay; the
applicant’s interest and potential harm to that interest if intervention is
denied; the reason for the applicant’s delay; interference resulting to orderly
trial processes if intervention is allowed. . . . Some of these factors are
determinable without evidence; others, such as the length of time the applicant
knew of his interest and his reason for delay, require evidence before they may
be considered by the trial court in deciding whether to grant the application
to intervene.  The latter have particular relevance in the present case. 

 

Id. at *2 n.4
(citing 59 Am. Jur. 2d Parties § 157, at 632–36 (1987)). 

 

Analysis

 

In this case, the trial court did not abuse its discretion by
striking Northrop’s intervention because it was untimely.  Just over two
months before the trial date, on July 17, 2009, Northrop filed his first set of
petitions to intervene in the SAPCR, based on affidavits of relinquishment
signed by the parents of the children on July 2, 2009.  The Department
filed a motion to strike the petitions on August 5, 2009, and the trial court
granted the motion to strike after a hearing on August 11, 2009.  Rather
than seeking mandamus relief at this time, Northrop filed a second set of
petitions to intervene with the trial court on August 14, 2009, accompanied by
affidavits of relinquishment signed by the parents on August 13, 2009. 
Again, a motion to strike these petitions was filed, which was granted by the
trial court on August 25, 2009.  Aware of the September 22, 2009 trial
date and the October 31, 2009 absolute deadline, Northrop waited until the day
before trial, twenty-seven days later, to seek a writ of mandamus from this
Court.  Northrop never offered an explanation for his delay. 

The October 31, 2009 deadline for trial of the case is
absolute.  The deadline is not tolled by a stay by our Court, a mistrial,
or an agreement between the parties to extend the dismissal date.  Tex. Fam. Code Ann. § 263.401 (Vernon
2008); In re Dep’t Fam. & Prot. Servs., 273 S.W.3d 637, 644 (Tex. 2009) (holding grant of new trial after deadline required dismissal).  Because
the trial court has a duty to dismiss the case if trial on the merits is not
commenced by October 31, 2009, allowing Northrop to intervene in this late
stage of the case would put the case at serious risk of being dismissed. 
In the event that the case is dismissed, the children must be returned to their
biological parents without a trial being held to determine the merits of the
termination.  In re Dep’t Fam. & Prot. Servs., 273 S.W.3d at
644.  

Because the Texas Family Code creates a presumption that the
prompt and permanent placement of the child in a safe environment is in the
child’s best interest, we cannot say that the court abused its discretion in
striking the petition in intervention.  See Tex. Fam. Code Ann. § 263.307 (Vernon 2008); see also Tex. Fam. Code Ann. § 153.002 (Vernon
2008) (providing best interest of child should be primary consideration in
determining issues of conservatorship and possession of and access to
child).   Considering the notice requirements of the Texas Rules of
Civil Procedure and the lengthy process required by the Family Code in evaluating
a potential placement,[4]
we cannot conclude that the trial court abused its discretion because it could
have found that the petition in intervention would jeopardize the prompt
resolution of the termination hearing. 

We also note that there was ample opportunity for the parents
to suggest Northrop as a potential caregiver earlier in the case.  The
Texas Family Code requires parents to provide the Department with a list of
names of relatives or family friends who could serve as caregivers for the
children.  Tex. Fam. Code Ann.
§§ 261.307(a)(2)(A)(ii), 262.114, 264.751(1) (Vernon 2008).  The
Department is required by law to evaluate the named individuals before the full
adversary hearing. Id.§ 262.114.  The full adversary hearing in
this case was May 13, 2008.  The appropriate procedure for designating a
relative caregiver would have been for the parents to provide the Department
with Northrop’s name and information at the inception of the case, so that the
Department could have evaluated Northrop prior to the May 13, 2008
hearing.  Despite the many opportunities to suggest Northrop for
consideration, the parents waited fifteen months to designate him.  We
cannot say it was an abuse of discretion for the trial court to determine that
it would be against the children’s best interest to delay the suit to evaluate
Northrop at this late date, risking dismissal of the case. 

Finally, Northrop contends that it is the desire of the
parents (defendants in the underlying suit) that he be able to intervene into
the case.  In other words, he seems to be arguing that a party to the case
seeks to bring him into the suit.  However, Texas Rule of Civil Procedure
37 provides that, “[b]efore a case is called for trial, additional parties,
necessary or proper parties to the suit, may be brought in, either by the
plaintiff or the defendant upon such terms as the court may prescribe; but
not at a time nor in a manner to unreasonably delay the trial of the case.” 
(Emphasis added.)  Thus, this argument fails because as discussed above,
the late intervention of Northrop would not be reasonable. 

The trial
court did not abuse its discretion in finding sufficient cause to grant the
motions to strike Northrop’s petitions to intervene. 

Conclusion

We deny the petition for writ of mandamus.
 
 

George C. Hanks, Jr.

Justice 
 



Panel
consists of Justices Keyes, Alcala, and Hanks.

 









[1] The
underlying cases are Cause No. 2004-66050, in the 257th Judicial District Court of Harris County, Texas, the Hon. Judy Warne, presiding, and Cause
No. 2008-24499, in the 257th Judicial District of Harris County, Texas, the Hon. Judy Warne, presiding.





[2] Our order
lifting the stay on October 7, 2009 and overruling all outstanding motions
remains in effect.





[3] In all
cases in which the court enters temporary orders appointing the Department as
temporary managing conservator, the court must dismiss the SAPCR filed by the
Department on the first Monday after the first anniversary of the temporary
order unless trial is commenced on the merits.  Tex. Fam. Code Ann. § 263.401(a) (Vernon 2008).  Pursuant to
Section 263.401(a), when the trial judge granted his first emergency order, the
one year deadline for dismissal began to run.  In re Tex. Dep’t Fam. &
Prot. Servs., 210 S.W.3d 609, 612 (Tex. 2006).





[4] “Before
placing a child with a proposed relative or other designated caregiver, the
department must conduct an investigation to determine whether the proposed
placement is in the child’s best interest.”  Tex.
Fam. Code Ann. § 264.754 (Vernon 2008).  Texas Family Code Section
262.114 sets out the procedure for evaluating an identified relative, requiring
a background and criminal history check on all individuals and a homestudy on
the most qualified individual.  Tex.
Fam. Code Ann. § 262.114(a) (Vernon Supp. 2009).  To evaluate a proposed
placement living out of state, the Department must also comply with the
Interstate Compact on the Placement of Children.  Tex. Fam. Code Ann. § 162.102 (Vernon 2008).  Before the placement
can be made, the agency in the “receiving state” (the state of the proposed
placement) must certify that the “placement does not appear to be contrary to
the best interests of the child.”  Id. (Art. III).