**RIVERCENTER ASSOCIATES, a Texas Limited Partnership, Relator,**

v.

**The Honorable Raul RIVERA, Judge, Respondent.**

**No. D–3172.**

Supreme Court of Texas.

June 23, 1993.

Rehearing Overruled Sept. 10, 1993.

Thomas M. Pickford, San Antonio, for relator.

Jaay D. Neal, Jo Chris G. Lopez, San Antonio, for respondent.

## OPINION

SPECTOR, Justice.

Rivercenter Associates seeks mandamus relief from a trial court order overruling its motion to quash the jury demand by Real Party in Interest All Ashore, Inc. Because we hold that Rivercenter delayed without explanation its filing of the motion to quash and therefore is not entitled to mandamus relief, the petition is denied.

The underlying cause of action is a suit for enforcement of commercial lease and surety agreements. Rivercenter brought suit against Real Parties in Interest All Ashore, Inc. and its surety Les Robbins to recover rental payments after All Ashore's alleged default on its lease of store space in the Rivercenter shopping mall. Defendants filed a jury demand and paid the filing fee on March 17, 1992. On July 14, 1992, Rivercenter filed a motion to set a date for trial on the jury docket. Two weeks later, Rivercenter filed a motion to quash the jury demand based on jury waiver provisions in its contracts with All Ashore and Robbins.[1] The trial court overruled this motion after a hearing and review of the contracts.

Rivercenter seeks mandamus relief on the ground that the trial court had no discretion when presented with the motion to quash because the jury waiver provisions required, as a matter of law, that the motion be granted. The record shows, however, that Rivercenter was sent notice on the day the jury demand was filed, yet for no apparent reason delayed filing its motion to quash.

Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Callahan v. Giles*, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Id.; see also Industrial Found. of the South v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 674 (Tex.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Callahan*, 137 Tex. at 576, 155 S.W.2d at 795.

Rivercenter waited over four months after the filing of the Defendants' jury demand before asserting any rights it may have had under the jury waiver provisions. The record reveals no justification for this delay. Under these circumstances, Rivercenter has not shown diligent pursuit of any right to a non-jury trial. *See Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding) (leave to file denied where record revealed

---

1. Article XX § 1(f) of the lease agreement provides:

    The parties hereby waive trial by jury in any action, proceeding or counterclaim brought by either party against the other on any matter whatsoever arising out of, or in any way connected with, the Lease, the relationship of Lessor and Lessee created hereby, Lessee's use or occupancy of the Demised Premises, and/or any claim for injury or damage.

    Paragraph 7 of the surety agreement provides:
    Surety waives ... (c) all right to trial by jury in any action or proceeding instituted by Lessor....

no explanation for delay in seeking mandamus relief).[2] Accordingly, the petition is denied.

---

**2.** We do not reach the parties' arguments concerning the constitutionality of jury waiver provisions generally or those concerning the enforceability of the provisions at issue in this cause.