Opinion issued February 17, 2005 

 






 
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00087-CR
____________

IN RE DONALD GRAY PALMER, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Donald Gray Palmer, filed a petition for writ of mandamus stating
that he filed a timely notice of appeal from his felony conviction in cause number
9402615 that was “denied” by the trial court in January 1995 and not properly
processed. Relator requests that this Court order respondent


 to comply with the
Rules of Appellate Procedure.
               Although mandamus is not an equitable remedy, its issuance is largely
controlled by equitable principles. In re Little, 998 S.W.2d 287, 289 (Tex.
App.—Houston [1st Dist.] 1999, orig. proceeding). One such principle is that
“[e]quity aids the diligent and not those who slumber on their rights.” Little, 998
S.W.2d at 289-90 (quoting Rivercenter Assoc. v. Rivera, 858 S.W.2d 366, 367 (Tex.
1993)). Relator’s claims all stem from events that allegedly occurred more than 10
years ago. Mandamus relief is barred by laches.
               We note that the Texas Code of Criminal Procedure provides for post-conviction habeas corpus relief. See Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995); Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2004-2005).
               The petition for writ of mandamus is denied.
               It is so ORDERED.
PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).