Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: HARBROOK TOOL & MFG.
CO.,

                         Relator.

 §
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00359-CV

AN ORIGINAL PROCEEDING 

IN MANDAMUS





 

 

 





OPINION ON PETITION FOR WRIT OF MANDAMUS
           Relator, Harbrook Tool & Mfg. Co., asks this Court to issue a writ of mandamus
against the Honorable Luis Aguilar, Judge of the 120th District Court of El Paso County. 
Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other adequate remedy
at law. Id. Although mandamus is not an equitable remedy, it is largely governed by
equitable principles. Rivercenter Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993). 
One such principle is that equity aids the diligent and not those who slumber on their rights. 
Id.
           Harbrook, represented by Corey Haugland, filed this mandamus proceeding to
challenge an agreed order entered on February 17, 2005 requiring Harbrook to pay a share
of costs associated with the appointment of a special master in discovery. Harbrook asserts
that it had been previously dismissed from the suit when an amended petition filed in 2001
did not state any claims against it, and therefore, the trial court could not order it to pay a
share of the costs. On May 27, 2005, Haugland was sent an invoice detailing the special
master’s fees and specifying Harbrook’s share. On May 31, 2005, other parties who are
represented by Haugland filed a mandamus petition in order to challenge the February 17,
2005 order. See In re Donald V. Labbruzzo, Carlos Camarillo, and Plasticos Promex U.S.A.,
Inc., Relators, No. 08-05-00204-CV, 2005 WL 1593753 (Tex. App.--El Paso July 7, 2005)
(denying mandamus relief). Harbrook did not join the mandamus petition. Prior to the
issuance of the opinion denying mandamus relief, the real party in interest Juan Alvarez, filed
a motion to compel Harbrook to pay its share of the fees. It was only after the trial court
granted the motion to compel on November 14, 2005 that Harbrook filed this mandamus
petition.
           Harbrook provides no explanation for waiting nine months to challenge the February
17, 2005 order. We conclude that mandamus relief must be denied because of laches. See
Furr’s Supermarkets, Inc. v. Mulanax, 897 S.W.2d 442, 443 (Tex. App.--El Paso 1995, orig.
proceeding); Tex. R. App. P. 52.8(a). Our order granting Relator’s motion for emergency 

relief and staying the proceedings in the trial court is lifted and the motion to reconsider stay
filed by the real party in interest is denied as moot.
 
                                                                  RICHARD BARAJAS, Chief Justice
December 22, 2005

Before Barajas, C.J., McClure, and Chew, JJ.