## In re HARBROOK TOOL & MFG. CO., Relator.

### No. 08–05–00359–CV.

Court of Appeals of Texas, El Paso.

Dec. 22, 2005.

Rehearing Overruled Jan. 18, 2006.

Corey W. Haugland, James, Goldman & Haugland, P.C., El Paso, for relator.

Luis Aguilar, El Paso, respondent pro se.

Martie Jobe, Luther Jones, Thomas E. Stanton, El Paso, for real parties in interest.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

RICHARD BARAJAS, Chief Justice.

 Relator, Harbrook Tool & Mfg. Co., asks this Court to issue a writ of mandamus against the Honorable Luis Aguilar, Judge of the 120th District Court of El Paso County. Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.* Although mandamus is not an equitable remedy, it is largely governed by equitable principles. *Rivercenter Associates v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993). One such principle is that equity aids the diligent and not those who slumber on their rights. *Id.*

Harbrook, represented by Corey Haugland, filed this mandamus proceeding to challenge an agreed order entered on February 17, 2005 requiring Harbrook to pay a share of costs associated with the appointment of a special master in discovery. Harbrook asserts that it had been previously dismissed from the suit when an amended petition filed in 2001 did not state any claims against it, and therefore, the trial court could not order it to pay a share of the costs. On May 27, 2005, Haugland was sent an invoice detailing the special master's fees and specifying Harbrook's share. On May 31, 2005, other parties who are represented by Haugland filed a mandamus petition in order to challenge the February 17, 2005 order. *See In re Donald V. Labruzzo, Carlos Camarillo and Plasticos Promex, U.S.A., Inc.,* No. 08–05–00204–CV, 2005 WL 1593753, —— S.W.3d —— (Tex.App.-El Paso July 7, 2005) (denying mandamus relief). Harbrook did not join the mandamus petition. Prior to the issuance of the opinion denying mandamus relief, the real party in interest Juan Alvarez, filed a motion to compel Harbrook to pay its share of the fees. It was only after the trial court granted the motion to compel on November 14, 2005 that Harbrook filed this mandamus petition.

 Harbrook provides no explanation for waiting nine months to challenge the February 17, 2005 order. We conclude that mandamus relief must be denied because of laches. *See Furr's Supermarkets, Inc. v. Mulanax,* 897 S.W.2d 442, 443 (Tex. App.-El Paso 1995, orig. proceeding); Tex. R.App. P. 52.8(a). Our order granting Relator's motion for emergency relief and staying the proceedings in the trial court is lifted and the motion to reconsider stay filed by the real party in interest is denied as moot.