Opinion issued April 19, 2007.








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01063-CV






IN RE PARK MANOR OF CYPRESS STATION, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION


 By petition for writ of mandamus, relator, Park Manor of Cypress Station
("Park Manor"), challenges the trial court's (1) March 26, 2006 denial of Park Manor's
plea in abatement pending arbitration. We deny the petition for writ of mandamus,
but we write to explain the application of an existing rule of law to these facts, of a
kind that are likely to recur in future cases. Tex. R. App. P. 47.4(a).

Background


 In September 2004, Park Manor, a nursing home, admitted Ethel Carson as a
resident. Her daughter-in-law, Loretta Carson, signed the intake paperwork, which
included a memorandum entitled, "Dispute Resolution Plan." The Plan provides:

 To strengthen and further our commitment to you, the Nursing Home
has implemented a Dispute Resolution Plan to increase communication
and resolve quality care problems that may arise between you and the
Nursing Home. 


 A summary . . . (unreadable) . . . complete plan is available for your
review at any time.


 The Plan is simple. First, if you have a serious problem, try to resolve
it by talking to the Nursing Home Administrator. If the problem is not
resolved, the next step will be to discuss the problem with our dispute
committee, made up of the Nursing Home management, employees, and
residents. If the problem is still not resolved, a professional mediator,
skilled in helping people find middle ground, will be brought in to help
us solve our problem.


 Finally, after the above steps have been exhausted, and if there is still no
resolution to the problem, we will go to binding arbitration, pursuant to
the Federal Arbitration Act, and let an arbitrator decide the problem. 
None of your legal rights are taken away. An arbitrator can make an
award, just like a jury.


Loretta Carson signed under the word "Resident" on September 29, 2004. "Ethel
Carson" was written in cursive above the words "Resident's Name," and under
Loretta's printed name.

 In January 2006, Bruce Carson, as the independent executor of Ethel Carson's
estate ("Ethel's estate"), sued Park Manor. The underlying suit alleges that, in
January 2005, Ethel, who was blind, suffered serious burns afer she spilled a cup of
coffee that nursing home staff had placed on a tray in front her, resulting in Ethel's
death days later. The suit seeks recovery for "Ethel Carson's physical pain and
mental anguish, physical impairment, and medical expenses incurred prior to her
death," and exemplary damages. Park Manor answered with a general denial,
affirmative defenses, and a plea in abatement. 

 In its plea in abatement, Park Manor contended that, "Upon the admission of
Ethel Carson, her responsible party who admitted her to the Park Manor of Cypress
Station nursing facility signed the Arbitration Agreement, agreeing that any disputes
or claims against Park Manor of Cypress Station would be resolved by binding
arbitration conducted pursuant to the Federal Arbitration Act." Park Manor attached
the two-page memorandum regarding the dispute resolution plan to the plea in
abatement. Park Manor filed its "Brief in Support of Defendant's Plea in Abatement
and/or Motion to Dismiss Plaintiff's Claims Pursuant to Binding Arbitration
Agreement." Park Manor attached the Dispute Resolution Plan to its brief. Ethel's
estate responded that there was no proof that Ethel Carson ever agreed to be bound
by this plan. The court denied Park Manor's plea in abatement in March 2006. 

 In July 2006, Park Manor deposed Loretta Carson. The trial court did not
review and could not have considered anything in Loretta's deposition, however, as
she appeared for her deposition nearly four months after the court ruled on the plea
in abatement. 

 In November 2006, upon becoming aware of the trial court's ruling, Park
Manor filed this petition for writ of mandamus. (2) In its petition and reply, Park Manor
relies on Loretta's deposition testimony. Park Manor later filed a supplemental
record and appendix, to include a copy of Ethel's medical power of attorney executed
in favor of Loretta. The mandamus record does not indicate that Park Manor filed the
power of attorney in the underlying suit or presented it to the trial court before the
trial court ruled on Park Manor's plea in abatement. See Tex. R. App. P. 52.3, 52.7.

Standard of Review

 Mandamus relief is available only to correct a "clear abuse of discretion" when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law.'" Id. (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding)).

 A relator must file "a certified or sworn copy of every document that is material
to the relator's claim for relief and that was filed in any underlying proceeding." Tex.
R. App. P. 52.7(a)(1). "Equity is generally not served by issuing an extraordinary writ
against a trial court on a ground that was never presented to the court and that the
court thus had no opportunity to address." In re Bank of America, N.A., 2003 WL
22310800, *2 (Tex. App.--Houston [1st Dist.] October 9, 2003, orig. proceeding). 
As we noted in Bank of America, "It would be hard to conclude, without
circumstances that were highly unusual or that made a trial court's ruling void, that
a trial court could abuse its discretion in making a ruling for a reason that was never
presented to the court." Id. 

Discussion


 In this case, the trial court could not review or consider Loretta's deposition
testimony--taken in July 2006--before it denied Park Manor's plea in abatement in
March 2006. In addition, Park Manor has not shown that it presented Ethel's medical
power of attorney to the trial court before it ruled on Park Manor's plea in abatement. 
A trial court does not abuse its discretion in failing to consider evidence never
presented to it. See Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993)
(citations omitted) ("Mandamus is an extraordinary remedy, not issued as a matter of
right, but at the discretion of the court. Although mandamus is not an equitable
remedy, its issuance is largely controlled by equitable principles."). Rather, Park
Manor should present the record in support of its request to abate for arbitration to
the trial court before seeking mandamus relief based on that record.

Conclusion

 Accordingly, we deny the petition for writ of mandamus. 






 Jane Bland

 Justice



Panel consists of Chief Justice Radack, and Justices Jennings and Bland.


Chief Justice Radack concurs in the disposition only.

1. 
 - 
 
2. -- ' -- 
 '