



# MEMORANDUM OPINION

No. 04-10-00486-CV

**IN RE** Antonio **SALTON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   July 14, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On June 30, 2010, relator filed a petition for writ of mandamus, seeking to compel the trial court to vacate its November 3, 2009 Order Dissolving Temporary Restraining Order. However, mandamus is an extraordinary remedy, and its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (Tex. 1941)).

---

[1] This proceeding arises out of Cause No. 2009-CI-17819, styled *Antonio Salton v. GMAC Mortgage Corp.*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Martha Tanner presiding. However, the order complained of was signed by the Honorable David A. Berchelmann, presiding judge of the 37th Judicial District Court, Bexar County, Texas.

The order relator seeks to challenge was entered by the trial court on November 3, 2009. On February 1, 2010, the trial court held a hearing on relators' Motion for Sanctions Pursuant to Rule 13 of the Texas Rules of Civil Procedure, and denied the motion on the record. On February 12, 2010, relator filed a notice of appeal seeking to appeal the November 3, 2009 order, and this court ordered relator to show cause why the appeal should not be dismissed for lack of jurisdiction. On March 8, 2010, relator responded, agreeing that the appeal was untimely filed and stated his intention to file a petition for writ of mandamus. However, relator did not file the petition for writ of mandamus complaining of the November 3, 2009 order until June 30, 2010. We conclude relator is not entitled to extraordinary relief in light of the delay in filing the petition for writ of mandamus. *See Rivercenter Assocs.*, 858 S.W.2d at 367; *see also In re River Inn Ass'n of Unit Owners*, No. 04-09-00239-CV, 2009 WL 1175118, at *1 (Tex. App.—San Antonio April 29, 2009, orig. proceeding). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM