COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | |
| § | No. 08-13-00020-CV |
| IN RE:   PATRICK G. MIRE, § | AN ORIGINAL PROCEEDING |
| § | IN MANDAMUS |
| Relator. § | |
| § | |

## MEMORANDUM OPINION

Relator, Patrick G. Mire, requests this Court to issue a writ of mandamus against the Honorable Angie Juarez Barill, presiding judge of the 346th District Court of El Paso County, Texas.   For the reasons that follow, we deny the relief requested.

## MANDAMUS

Relator filed his petition for writ of mandamus in this Court on January 29, 2013.   In his petition, Relator raises two issues asserting that he has no adequate remedy by appeal and that the trial court abused its discretion by entering two orders on June 5, 2012, denying his "Motion for Abatement and Severance" and his "Motion to Dismiss and Motion to Strike Designation as Responsible Third Party Due to Misjoinder and Motion for Summary Judgment Due to Limitations."   Mandamus is an extraordinary remedy that will issue only if the Relator shows: (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal.   *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).   Although mandamus is not an equitable remedy, it is largely controlled by equitable principles.   *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993).   One such principle is that equity aids the

diligent and not those who slumber on their rights. *Id.* Mandamus relief may be denied to a party due to a lack of diligence. *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999); *Rivercenter*, 858 S.W.2d at 367. A court may properly deny mandamus relief when the record does not reveal a justification for the delay in filing a petition for writ of mandamus. *Rivercenter*, 858 S.W.2d at 367.

Here, Relator did not file his petition for writ of mandamus until more than seven months after the trial court entered its orders on June 5, 2012, and one week before trial in the underlying case. Other than asserting that all the issues presented for our consideration have been previously raised below and that the parties involved in this case have not suffered any prejudice, Relator provides no explanation for the delay in filing this mandamus action. Furthermore, the record does not reveal a justification for Relator's unexplained delay in seeking mandamus relief. By waiting more than seven months to request relief, Relator has not been diligent and, thus, we conclude relief must be denied because of laches. *See Rivercenter*, 858 S.W.2d at 367-68 (relator waited four months to seek mandamus relief from demand for jury trial*)*; *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App. – El Paso 1995, orig. proceeding) (relator sought mandamus relief from severance order four months after severance); TEX.R.APP.P. 52.8(a). Even assuming Relator had sought mandamus relief earlier, the record before us does not demonstrate that the trial court clearly abused its discretion.

## CONCLUSION

The Relator's petition for writ of mandamus is denied.

GUADALUPE RIVERA, Justice

February 13, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

2