COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
 IN RE:  PATRICK G.
 MIRE,
  
  
 Relator.                    
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                                    
 No.
 08-13-00020-CV
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
 
 


 

MEMORANDUM OPINION

 

Relator, Patrick G. Mire, requests this
Court to issue a writ of mandamus against the Honorable Angie Juarez Barill,
presiding judge of the 346th District Court of El Paso County, Texas.  For the reasons that follow, we deny the
relief requested.

MANDAMUS

Relator filed his petition for writ of
mandamus in this Court on January 29, 2013. 
In his petition, Relator raises two issues asserting that he has no
adequate remedy by appeal and that the trial court abused its discretion by
entering two orders on June 5, 2012, denying his “Motion for Abatement and
Severance” and his “Motion to Dismiss and Motion to Strike Designation as
Responsible Third Party Due to Misjoinder and Motion for Summary Judgment Due
to Limitations.”  Mandamus is an extraordinary
remedy that will issue only if the Relator shows:  (1) the trial court clearly abused its
discretion; and (2) the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  Although mandamus is not an equitable remedy,
it is largely controlled by equitable principles.  Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993).  One such principle is that equity aids the
diligent and not those who slumber on their rights.  Id.  Mandamus relief may be denied to a party due
to a lack of diligence.  In re Users Sys. Servs., Inc., 22 S.W.3d
331, 337 (Tex. 1999); Rivercenter,
858 S.W.2d at 367.  A court may properly
deny mandamus relief when the record does not reveal a justification for the
delay in filing a petition for writ of mandamus.  Rivercenter,
858 S.W.2d at 367.

Here, Relator did not file his petition for
writ of mandamus until more than seven months after the trial court entered its
orders on June 5, 2012, and one week before trial in the underlying case.  Other than asserting that all the issues
presented for our consideration have been previously raised below and that the
parties involved in this case have not suffered any prejudice, Relator provides
no explanation for the delay in filing this mandamus action.  Furthermore, the record does not reveal a
justification for Relator’s unexplained delay in seeking mandamus relief.  By waiting more than seven months to request
relief, Relator has not been diligent and, thus, we conclude relief must be
denied because of laches.  See Rivercenter, 858 S.W.2d at 367-68 (relator waited four months to
seek mandamus relief from demand for jury trial); Furr’s Supermarkets, Inc.
v. Mulanax, 897 S.W.2d 442, 443 (Tex. App. – El Paso 1995, orig. proceeding)
(relator sought mandamus relief from severance order four months after
severance); Tex.R.App.P.
52.8(a).  Even assuming Relator had
sought mandamus relief earlier, the record before us does not demonstrate that
the trial court clearly abused its discretion.

CONCLUSION

The Relator’s petition for writ of mandamus
is denied.

                                                                        GUADALUPE
RIVERA, Justice

February 13, 2013

 

Before McClure, C.J., Rivera, and Rodriguez, JJ.