

# NUMBER 13-14-00243-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE O.E. INVESTMENTS, LTD. AND OTHAL E. BRAND JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

Relators, O.E. Investments, Ltd. and Othal E. Brand Jr., filed a petition for writ of mandamus and an emergency motion to stay the trial court proceedings in the above cause on April 29, 2014. Relators seek to compel the trial court to withdraw its December 23, 2013 order disqualifying their counsel, Ronald G. Hole, from further participation in the case. By emergency motion, relators seek to stay all trial court proceedings, including the docket control conference originally set for April 11, 2014 and reset for May 1, 2014.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

According to the emergency motion, relators had previously sought a stay of the proceedings from the trial court, but the trial court only partially granted the stay because, according to its March 21, 2014 order, to "grant the abatement as requested will only unduly and further delay the case."

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *See In re Int'l Profit Associates, Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). One such principle is that equity aids the diligent and not those who slumber on their rights. *See In re Int'l Profit Associates, Inc.*, 274 S.W.3d at 676.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Accordingly, the petition for writ of mandamus and emergency motion to stay are DENIED. *See id.* 52.8(a).

PER CURIAM

Delivered and filed the
30th day of April, 2014.

2