**DENY; and Opinion Filed December 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01196-CV

## IN RE SCOTT ALAN COPELAND, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83934-2017**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

Before the Court is relator's October 10, 2018 petition for writ of mandamus. In this original proceeding, relator seeks a writ of mandamus setting aside the trial court's January 29, 2018 and May 22, 2018 orders quashing subpoenas duces tecum. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is ministerial "when the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding) (quoting *Tex. Dep't. of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)).

Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable

principles. *Id.* One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding) (citing *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding)).

Based on the record before us, we conclude relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Further, relator has offered no justification for his delay in seeking mandamus relief and is, therefore, not entitled to equitable relief. *See Rivercenter Assocs.*, 858 S.W.2d at 367–68 (mandamus denied because relator waited over four months to seek to move to quash jury demand and did not justify the delay). Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181196F.P05