**DENY; and Opinion Filed February 1, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00035-CV

### IN RE PATRICIA KENNEDY, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15332**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Schenck

The underlying proceeding is a personal injury suit arising from a slip and fall at a fast food restaurant. Trial is set for February 4, 2019. In this original proceeding, relator complains of an October 17, 2018 order striking her June 8, 2018 supplemental expert designations.

Mandamus will issue only to correct a clear abuse of discretion for which relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments; on the other hand, when the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *In re Prudential Ins. Co.*, 148 S.W.3d at 136. "Whether a trial court abused its discretion

in excluding evidence because it was untimely disclosed is generally reviewable on appeal from the final judgment." *In re Tyson Foods, Inc.*, No. 12-17-00156-CV, 2017 WL 3225051, at *2 (Tex. App.—Tyler July 31, 2017, orig. proceeding) (mem. op.) (citing *Beinar v. Deegan*, 432 S.W.3d 398, 406 (Tex. App.—Dallas 2014, no pet.) (review of exclusion of untimely disclosed evidence following summary judgment); *Tranum v. Broadway*, 283 S.W.3d 403, 425–26 (Tex. App.–Waco 2008, pet. denied) (review of exclusion of expert testimony under Rule 193.6 reviewed on appeal)). A party does not have an adequate remedy by appeal, however, when the party's ability to present a viable claim or defense is severely compromised or vitiated by the erroneous discovery ruling to the extent that it is effectively denied the ability to develop the merits of its case. *Walker*, 827 S.W.2d at 843.

Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding); *see also In re Pendragon Transp. LLC*, 423 S.W.3d 537, 540 (Tex. App.—Dallas 2014, orig. proceeding) (laches applied and petition filed less than two weeks before trial and six months after order issued); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.— Houston [14th Dist.] 1985, orig. proceeding) (four-month delay, no explanation for delay, and filed two weeks prior to trial).

Based on the record before us, we conclude relator has not shown she is entitled to the relief requested because relator has not established the trial court abused its discretion, has not shown she lacks an adequate remedy on appeal, and has not explained her delay in seeking mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP.

P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190035F.P05