**Denied and Opinion Filed March 17, 2020**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

## No. 05-20-00073-CV

_____

## IN RE ALPHA-BARNES REAL ESTATE SERVICES, L.L.C., Relator

**Original Proceeding from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-01652-C**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Nowell

Before the Court is relator's January 17, 2020 petition for a writ of mandamus in which it complains the trial court abused its discretion by entering a November 2018 order. We have also received the response of real party in interest, Charna Lewis, as guardian for Anthony Cooper. Our record includes the parties' December 2019 stipulation that Lewis "extends the deadline" for relator to file any petition for mandamus, waives any timeliness objections regarding such a petition, and agrees she has suffered no prejudice from the delay. Our record, however, does not include any explanation for relator's delay in seeking either mandamus relief or the parties' stipulation by which they purport to extend the "deadline" for such relief.

Entitlement to mandamus relief requires a demonstration that the trial court clearly abused its discretion and the absence of an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). While the trial court's order presents an error potentially justifying reversal on a direct appeal, relator has failed to demonstrate the inadequacy of an appeal, particularly given the limited scope of the order and alternative mechanisms by which relator may introduce the same evidence excluded by the order. *See In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (appeal is an inadequate remedy "where a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised."); *cf. In re Bertucci*, No. 03-19-00245-CV, 2019 WL 5280988, at *2 (Tex. App.—Austin Oct. 18, 2019, orig. proceeding) (mem. op.) (mandamus correction unnecessary to "provide needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments.") (quoting *In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)).

Further, even if relator had demonstrated the absence of an adequate appellate remedy, its unexplained delay in seeking mandamus would also justify denial of its petition. *See Rivercenter Assocs.*, 858 S.W.2d at 367 (denying mandamus where

2

relator failed to explain seven-month delay); *In re Xeller,* 6 S.W.3d 618, 624 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (denying mandamus where relator waited sixteen months after entry of order appointing special master to seek mandamus relief because "[d]elay alone provides ample ground to deny mandamus relief.").

We deny relator's petition.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Schenck, J., dissenting

200073f.p05