**Deny and Opinion Filed June 3, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00312-CV

### IN RE DAVID BARNES, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

In this original proceeding, relator seeks a writ of mandamus compelling the trial court to provide him with the records of the December 16, 2020 and March 26, 2021 interviews with the subject children. Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that he lacks an adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).

Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the

diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted). Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). "A delay of only a few months can constitute laches and result in denial of mandamus relief." *In re Dryden Co.*, No. 05-20-00028-CV, 2020 WL 205314, at *1 (Tex. App.—Dallas Jan. 14, 2020, orig. proceeding) (mem. op.).

Here, the trial court denied relator's motions for the interview records on June 23, 2021. He waited more than nine months from that ruling to file this petition, and he offers no adequate explanation for his delay. Accordingly, because we conclude that relator's unreasonable delay bars his right to mandamus relief, we deny the petition for writ of mandamus.

Also before the court is relator's motion to seal court records. We grant the motion and direct the Clerk of the Court to place relator's April 7, 2022 petition for writ of mandamus and the accompanying mandamus record under seal.

220312f.p05

/Lana Myers/
LANA MYERS
JUSTICE