# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-22-00346-CV
---

**In re Darbie Angell Fink**

---
### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY
---

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of temporary orders rendered by the trial court on September 30, 2021, and signed six months later on April 7, 2022. Relator specifically complains that the trial court abused its discretion by conducting a temporary orders' hearing without a sufficient affidavit as required by section 156.006(b-1) of the Texas Family Code; by changing the parent with the right to designate the children's primary residence without evidence supporting a significant impairment finding as required by section 156.006(b) of the Texas Family Code; and by interviewing the parties' 13-year-old child in chambers without making a record contrary to section 153.009(f) of the Texas Family Code. Her mandamus petition was filed on June 23, 2022.

Mandamus "is not an equitable remedy," but "its issuance is largely controlled by equitable principles." *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). A relator who unduly or unreasonably delays in seeking mandamus relief may waive their right to such relief. *See In re American Airlines*, *Inc.*, 634 S.W.3d 38, 43 (Tex. 2021)

(orig. proceeding). Thus, an unjustified four-month delay warranted denying mandamus relief to quash a jury demand. *See Rivercenter Assocs.*, 858 S.W.2d at 367–68.

Almost nine months elapsed from the trial court's rendering of its temporary orders to the filing of the petition (including most of the 2021-22 school year). Although Relator states that she is unaware why the trial court took six months to sign written temporary orders, the later written order only memorialized what the trial court already rendered on September 30, 2021. *See* Tex. Fam. Code § 101.026 (defining "render" as "the pronouncement by a judge of the court's ruling on a matter" and occurring when "made orally in the presence of the court reporter"); *see also P.R.M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00065-CV, 2016 WL 4506301, at *3 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op.) (concluding that parent's rights were terminated "effectively immediately" when announced in open court). Moreover, we note that two of Relator's issues—the temporary orders' hearing supporting affidavit and the in-chamber interview record—are not tied to the issuance of the disputed temporary orders. The record thus fails to demonstrate reasonable justification for the extended delay in seeking mandamus relief. *See Rivercenter Assocs.*, 858 S.W.2d at 367–68.

Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   September 9, 2022

2