# NO. 12-24-00004-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MOSS CONCRETE CONSTRUCTION CO., INC.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Moss Concrete Construction Co., Inc. filed this original proceeding to challenge Respondent's denial of Moss's motion to compel neuropsychological examination of Real Party in Interest James Scott Toon.[1]  We deny the writ.

## BACKGROUND

On April 20, 2020, James was riding his bicycle on a sidewalk and when he rode over a diamond plate, which covered a drainage flume, the plate failed, and his "bicycle fell into the drainage flume and caused him to crash face first into the hard cement surface of the concrete sidewalk on the other side of the drainage flume."  James and his wife, Real Party in Interest Shannon Dawn Toon, sued Moss, among others, for negligence.[2]  RPIs maintain that Moss was one of the parties responsible for the plate's and sidewalk's design and construction.

---

[1] Respondent is the Honorable Kerry L. Russell, Judge of the 7th District Court in Smith County, Texas.

[2] None of the other defendants are parties to this proceeding.

In June 2023, several defendants, including Moss, filed a joint motion to compel James's neuropsychological examination. Respondent signed an order on August 3, in which he denied the motion. On August 11, the defendants, again including Moss, filed a motion to clarify the order. Respondent denied the motion to clarify on September 12. This original proceeding followed.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). A trial court's ruling on a motion for physical or mental examination under Texas Rule of Civil Procedure 204.1 may be reviewed by mandamus. *See In re Sherwin-Williams, Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (per curiam); *see also* TEX. R. CIV. P. 204.1.

## DELAY IN SEEKING MANDAMUS RELIEF

We first address RPIs' contention that Moss is not entitled to mandamus relief by virtue of its failure to timely seek mandamus relief.

Mandamus is an extraordinary remedy and not an absolute right. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). When the record fails to show that the relator acted diligently to protect his rights, relief by mandamus is not available. *See In re Hotze*, 627 S.W.3d 642, 646 (Tex. 2020) (orig. proceeding). "[U]nreasonable delay is calculated with reference to the mandamus petition's filing, not the issue that precipitated the request for a writ." *In re Episcopal School of Dallas, Inc.*, 556 S.W.3d 347, 360 (Tex. App.—Dallas 2017, orig. proceeding); *see In re AAA Brothers Holdings, LLC*, No. 12-23-00210-CV, 2023 WL

2

6631952, at *4 (Tex. App.—Tyler Oct. 11, 2023, orig. proceeding) (mem. op.). "An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief." *In re Webber, LLC*, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.).

Here, Respondent initially denied the motion for neuropsychological examination on August 3, 2023. On September 6, Moss (along with other defendants) filed a motion for continuance of trial set for November 13, represented that RPIs' counsel agreed to a new trial date of February 12, 2024, and requested that a third amended scheduling order be entered. Respondent signed the third amended scheduling order, which set a new trial date of February 12. Respondent denied Moss's motion to clarify on September 12. But Moss waited until January 11, 2024, just shy of one month from the agreed upon trial date, over five months from Respondent's August 3 denial, and four months from the denial of its motion to clarify, to file a petition for writ of mandamus challenging Respondent's denial of its motion. The record does not reveal a justification for this delay. *See In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (per curiam) (orig. proceeding) ("a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified"); *see also In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding) ("a court may properly deny mandamus relief when the record does not reveal a justification for the delay in filing a petition for writ of mandamus"); Tex. R. App. P. 52 (generally, party seeking mandamus relief must bring forward all that is necessary to establish claim for mandamus relief).

By waiting over four months to seek mandamus relief and failing to even address the delay, much less offer a justification, Moss failed to act diligently to protect its rights. *See Rivera*, 858 S.W.2d at 367-68 (denying mandamus petition in light of relator's four-month delay in seeking relief); *see also In re Wages & White Lion Inv., LLC*, No. 05-21-00650-CV, 2021 WL 3276875, at *1 (Tex. App.—Dallas July 30, 2021, orig. proceeding) (mem. op.) (mandamus relief barred where relators did not file mandamus petition until more than four and a half months from challenged oral ruling and three months after court signed complained-of order); *In re Saldivar*, No. 13-17-00648-CV, 2017 WL 5760319, at *5-6 (Tex. App.—Corpus Christi Nov. 28, 2017, orig. proceeding) (mem. op.) (four-month delay waived right to mandamus relief). Accordingly, Moss waived its right to mandamus relief.

## Disposition

Having determined that Moss waived any entitlement to mandamus relief, we ***deny*** the petition for writ of mandamus. All pending motions are ***overruled as moot***. We ***lift*** our stay of January 12, 2024.

Opinion delivered January 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 24, 2024**

**NO. 12-24-00004-CV**

**MOSS CONCRETE CONSTRUCTION CO., INC.,**
Relator
V.

**HON. JUDGE KERRY L. RUSSELL,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Moss Concrete Construction Co., Inc.; who is the relator in appellate cause number 12-24-00004-CV and a defendant in trial court cause number 21-0885-A, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 11, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*