**DENIED and Opinion Filed July 1, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00754-CV

## IN RE BE&K BUILDING GROUP, LLC, Relator

**Original Proceeding from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 92070**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Breedlove

Before the Court is relator's June 21, 2024 petition for writ of mandamus. Relator challenges an October 9, 2023 order denying relator's amended plea in abatement.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "[e]quity aids the

diligent and not those who slumber on their rights." *Id*. "Thus, [a relator's] delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay." *In re Barnes*, No. 05-22-00312-CV, 2022 WL 1955754, at *1 (Tex. App.—Dallas June 3, 2022, orig. proceeding) (mem. op.). "A delay of only a few months can constitute laches and result in denial of mandamus relief." *Id*.

The laches doctrine applies to bar petitions for writ of mandamus wherein a relator challenges a trial court's denial of a plea in abatement when the relator fails to provide an adequate explanation for an unreasonable delay in seeking mandamus relief. *See In re Autumn Ranch*, No. 05-24-00255-CV, 2024 WL 1190480, at *1 (Tex. App.—Dallas Mar. 20, 2024, orig. proceeding) (mem. op.) (applying laches to bar petition for mandamus challenging denial of plea in abatement); *In re Templeton Sw. Ins. Agency, Inc.*, No. 08-03-00295-CV, 2003 WL 21716579, at *2 (Tex. App.—El Paso July 25, 2003, orig. proceeding) (mem. op.) (same).

The record before us reflects that the trial court denied relator's amended plea in abatement on October 9, 2023. Relator states, and the record reflects, that the order was not sent to the parties until January 31, 2024. But even if we measure relator's delay from January 31, 2024, relator waited 142 days (almost five months) after its receipt of the order before seeking mandamus relief. Relator does not provide, and the record does not reveal, any justification for this unreasonable delay. *See In re Wages & White Lion Invs., LLC*, No. 05-21-00650-CV, 2021 WL 3276875,

at *1 (Tex. App.—Dallas July 30, 2021, orig. proceeding) (mem. op.) ("An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief.").

Accordingly, we deny relator's petition for writ of mandamus.


/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

240754F.P05