**Opinion filed May 30, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00036-CV

_____

## IN RE TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

The Texas Association of School Boards Risk Management Fund (the Fund) filed this mandamus action requesting that we compel the trial court to vacate its order denying the Fund's motion for protective order and its motion to quash the deposition of Ted Beard, which Real Party in Interest, Colorado Independent School District (CISD), noticed. The Fund also requests that we direct the trial court to sign an order granting the motion for protective order.

Beard is the chair of the board of trustees that oversees the Fund. In each of its motions, the Fund argued that (1) the noticed deposition of Beard sought a so-called "apex" deposition and (2) CISD had not satisfied the necessary requirements

for proceeding with such a deposition. *See, e.g.*, *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex. 1995) (quoting *Liberty Mut. Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1282 (1992)).

After this mandamus action was filed, CISD withdrew its deposition notice and informed the Fund that it did not intend to depose Beard "at this time." As a result, the trial court signed an order that vacated its previous denials of the Fund's motions on the merits and instead denied the motions as moot. CISD now claims that this mandamus action is likewise moot.

Because the Fund's motion for protective order has not been granted and the possibility remains that the deposition of Beard will again be sought as the underlying litigation progresses, this mandamus action is not moot. *See In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813–14 (Tex. 2022) (The "[u]nilateral and unenforceable withdrawal of discovery, without any assurances that the withdrawal is definite, and at the very hour 'appellate courts are looking,' does not moot a discovery dispute."); *see also In re Allied Chem. Corp.*, 227 S.W.3d 652, 655 (Tex. 2007). Further, mandamus is an extraordinary remedy that is "not issued solely as a matter of right," but at the discretion of the reviewing court. *In re Walker*, 683 S.W.3d 400, 402 (Tex. 2024); *see also Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993).

In exercising our discretion, we must determine, among other things, whether there is an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). In assessing this question, the word "adequate" is "simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* at 136. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the determinants." *Id.*

2

Because of CISD's withdrawal of its deposition notice and the trial court's subsequent action in vacating its order, and for those reasons only, we conclude that denying mandamus relief is proper in this instance. In so doing, we presume that, by its actions and representations, CISD is acting in good faith, and that it does not intend to re-notice and attempt to proceed with deposing Beard in the future, barring some unforeseen development.

We also emphasize that we have not addressed the question of whether CISD is even entitled to depose Beard. We have merely concluded that the delay and the expenses to be incurred in proceeding with mandamus relief at this time outweighs the potential benefits. *See Wagner v. Apache Corp.*, 627 S.W.3d 277, 288 n.4 (Tex. 2021) ("[T]he writ of mandamus is a discretionary writ, and we decline to exercise our discretion to issue it in this case."). The Fund is free to seek mandamus relief in the future should CISD again seek to depose Beard. *See* TEX. R. APP. P. 52.8(a).

For the reasons we have stated, the petition for writ of mandamus is denied.

W. STACY TROTTER
JUSTICE

May 30, 2025

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[1]

Bailey, C.J., not participating

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.