**Opinion filed November 12, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00324-CV

_____

## IN RE TEXAS GOVERNMENT ACCOUNTABILITY ASSOCIATION

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator Texas Government Accountability Association filed this original petition for writ of mandamus asserting that Respondent, the Honorable Lori Ruiz-Crutcher, presiding judge of the 244th District Court of Ector County, abused her discretion in: (1) granting Real Party in Interest the City of Odessa's (the City) motion for protection, which prevented Relator from deposing the City's mayor and councilmembers; and (2) denying Relator's motion to continue the hearing on the City's motion for summary judgment so as to allow for the deposition of a City representative. Relator has also filed a motion for emergency temporary relief

seeking to stay all proceedings in the trial court, including the November 13, 2025 summary judgment hearing.

Mandamus is an extraordinary remedy that is "not issued solely as a matter of right," but at the discretion of the reviewing court. *In re Walker*, 683 S.W.3d 400, 402 (Tex. 2024) (orig. proceeding); *see also Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). In exercising our discretion, we must determine, among other things, whether there is an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In assessing this question, the word "adequate" is "simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* at 136. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* A party lacks an adequate remedy by appeal with regard to an order denying discovery where: (1) the error cannot be cured on appeal; (2) the party's ability to present a viable claim or defense is severely compromised so that a trial would be a waste of resources; or (3) the appellate court is unable to evaluate the effect of the trial court's error based on the record. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992) (orig. proceeding)).

In this matter, Relator has not shown that it lacks an adequate remedy by appeal. Relator is not facing a lengthy trial without the ability to present critical evidence. Rather, it is facing a partial summary judgment ruling on the City's declaratory judgment action regarding an interlocal agreement between the parties. The summary judgment hearing is set for tomorrow. If the City's motion for partial summary judgment is granted, and once the trial court's ruling is severed or

2

incorporated into a final judgment, Relator can swiftly pursue appellate review of that ruling as well as the trial court's rulings on the City's motion for protection and Relator's motion for continuance. There is no indication under these circumstances that the alleged errors could not be cured by an appeal, that proceeding with the summary judgment hearing would be a waste of judicial resources, or that we could not evaluate the effect of any alleged error on appeal. *See id.* As such, we conclude that "any benefits to mandamus review are outweighed by the detriments." *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

We decline to exercise our discretion to issue mandamus relief because Relator has not demonstrated that it lacks an adequate remedy by appeal. *See id.* at 135–36. Accordingly, we deny the petition for writ of mandamus and the motion for emergency temporary relief. In doing so, we express no opinion on the underlying merits of the trial court's challenged rulings.


W. BRUCE WILLIAMS
JUSTICE


November 12, 2025

Panel consists of: Bailey, C.J.
and Williams, J.

Trotter, J., not participating.