In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00040-CV**

_____

**IN RE EANDRE JUWON MOTT**

**Original Proceeding**
**279th District Court of Jefferson County, Texas**
**Trial Cause No. F-239,391**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Eandre Juwon Mott complains that he filed a Petition to Adjudicate Parentage on May 10, 2021, and he filed "multiple letters and motions requesting a hearing" on his petition, but the case has not been set for a hearing. He asks the appellate court to compel the trial court to conduct a hearing on his petition and to allow Mott to participate by telephone or other remote means due to his current incarceration.[1]

---

[1] Mott failed to support his petition with an appendix or record and further failed to certify that he mailed a copy of the mandamus petition to the Real Party in

1

We may grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-40 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Mandamus proceedings are largely controlled by equitable principles, including the principle of laches. *Id*. "Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay." *In re Int'l Profit Assocs., Inc*., 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

Mott tells this Court that he filed a petition in 2021, and he says he has requested a hearing on his petition, but he does not tell this Court that he obtained service of process on the child's mother, nor does he tell us that the case is still pending and that he has made a recent request to the trial court for a trial setting. Under these circumstances, Mott has not shown diligent pursuit of a final hearing on his petition for parentage. Accordingly, we deny the petition for a writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8(a).

---

Interest. *See* Tex. R. App. P. 9.5(a); 52.7(c). We use Rule 2, however, to look beyond this and other deficiencies to reach an expeditious result. *See id*. 2.

2

PETITION DENIED.

PER CURIAM

Submitted on February 25, 2026
Opinion Delivered February 26, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.