# NO. 12-20-00256-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOE MARLIN GILMER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Joe Marlin Gilmer, an inmate acting pro se, filed this original proceeding to complain that Respondent tolled/abated the proceedings based on a suggestion of death, refused to order issuance of a scire facias, and refused to consider his second petition for a protective order.[1] We deny the writ.

### BACKGROUND

This proceeding relates to the Estate of Billie Gilmer Lawler, a probate proceeding in trial court cause number 15425. Relator is Billie's son.[2] According to the record, attorney Richard Ray filed a suggestion of death on behalf of the heirs of the Estate of Charles (Lindy) Lawler.[3] Charles is an heir of Billie's and died on May 21, 2020. His sons, Alan and Larry, requested that Charles's appearance be continued in the name of the Estate of Charles (Lindy)

---

[1] Respondent is the Honorable Joshua Z. Wintters, Judge of the County Court at Law in Van Zandt County, Texas. Donna Jacks and the Estate of Charles Lindy Lawler are the Real Parties in Interest.

[2] This fact is based on records filed in another of Relator's mandamus proceedings regarding the Estate. *See In re Gilmer*, No. 12-20-00044-CV, 2020 WL 827589 (Tex. App.—Tyler Feb. 19, 2020, orig. proceeding) (mem. op.); *see also In re Innovation Res. Sol., LLC*, No. 12-15-00254-CV, 2016 WL 1254058, at *3 (Tex. App.—Tyler Mar. 31, 2016, orig. proceeding) (mem. op.) (taking judicial notice of hearing transcript filed in prior, related mandamus proceeding).

[3] According to documents filed in a previous, related mandamus proceeding, Charles was Billie's husband. *See Gilmer*, 2020 WL 827589; *see also Innovation Res. Sol., LLC*, 2016 WL 1254058, at *3.

Lawler, deceased, an heir. On June 25, 2020, Respondent filed a letter in the Estate of Billie Gilmer Lawler recognizing receipt of the suggestion of death. Respondent stated, "It is this Court's view that, under the law, this case is tolled or abated until the earlier of one of two potential occurrences: 1) The formal (i.e. Court) appointment of a representative of the Estate of Mr. Charles Lawler; or 2) The passage of twelve (12) months from the date of Mr. Lawler's death." Respondent advised the parties that he would be taking the following actions:

1) This court will suspend any actions in this matter until the occurrence of one of the above items, meaning, among other things, that no hearing will be had, including the previously scheduled hearing(s) for July 21, 2020 nor the hearing requested by Mr. Ray on the Suggestion of Death until one of the above conditions has been met.

2) The Court will NOT grant the proposed Order relative to the Suggestion of Death which would authorize Mr. Lawler's sons to proceed in his stead, as doing so would be proceeding based merely on representations in the pleadings and without a formal probate or administration.

3) Hearings may resume upon filing of Letters Testamentary or Letters of Administration and some memorialization that any counsel for the Estate/Estate representative has been employed by the personal representative(s) of the Estate and that no actual or potential ethical conflict of interest exists in proceeding with such representation.

Respondent recognized that there may be some legal provision that had not yet been brought to his attention that would allow the matter to lawfully proceed in some fashion; thus, Respondent instructed the parties to submit any such applicable law or precedent through a formal filing with the court clerk.

On July 4, Relator drafted a supplemental advisory to Respondent in which he asserted that the death certificate attached to the suggestion of death is not properly authenticated and absent probative authenticated evidence of Charles's death, the July 21 hearing should be maintained on the docket. In response, Respondent informed the parties that his prior determination stands, the July 21 hearing remained removed from the docket, all pending motions will remain pending until the case resumes from abatement, and hearings on pending matters would be rescheduled. Respondent also signed an order on July 8, denying Relator's petition for protective order. On July 31, Alan filed an application for letters of independent administration in the Estate of Charles Lindy Lawler. That proceeding remains pending.

In an August 27 letter, Relator inquired about the status of his second motion for protective order and his petition for issuance of a scire facias. The record does not reflect that

2

Respondent ruled on the second motion for protective order or the petition for scire facias. Relator filed this proceeding on November 12.

<b><u>ABATEMENT</u></b>

Before reaching the merits of Relator's complaint regarding Respondent's abatement of the probate proceedings, we first address the delay between Respondent's rulings and Relator's filing of this original proceeding.

Mandamus is an extraordinary remedy and not an absolute right. *See **Rivercenter Assocs. v. Rivera,*** 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting ***Callahan v. Giles***, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). When the record fails to show that the relator acted diligently to protect his rights, relief by mandamus is not available. ***In re Hotze***, No. 20-0739, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020).

On June 25, 2020, Respondent signed his first letter addressing the suggestion of death and abating the case. On July 8, Respondent signed the second letter addressing the suggestion of death after Relator filed a supplemental advisory. That same day, Respondent signed an order denying Relator's petition for a protective order, and stated that Respondent "considered the unsworn and unsupported Petition, the supplement filed thereto, the request for case to resume from abatement without appointment of a representative of the Estate of the deceased party, and other requests therein, and FINDS that the relief requested is without merit[.]" Yet, Relator did not file this original proceeding until November 12, over four months later. Relator offers no explanation as to why he did not file a petition for writ of mandamus with this Court at an earlier date.[4] And the record reveals no justification for the delay. *See **Rivera***, 858 S.W.2d at 367. Accordingly, we conclude that Relator failed to establish diligent pursuit of any complaint regarding abatement of the probate proceedings. *See **id***. (Rivercenter waited over four months to seek mandamus relief); *see also **Hotze***, 2020 WL 5919726, at *2-3 (record reflected no justification for relators' delay in failing to assert their challenge anytime in ten weeks following gubernatorial proclamation); ***In re Webber, L.L.C***., No. 05-20-00564-CV, 2020 WL 3496279, at

---

[4] We recognize that the COVID-19 pandemic began in the months preceding the filing of this original proceeding. This Court, however, remained open to accept filings. Thus, we are unaware of any reason why the pandemic would have prevented Relator from pursuing mandamus relief at an earlier date.

*1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief").

<u>**PROTECTIVE ORDER AND SCIRE FACIAS**</u>

According to Relator's appendix, Respondent signed an order on July 8, 2020, which overruled Relator's petition for protective order. According to Relator's August 27 letter to Respondent, the second petition was tendered on July 20, a petition for issuance of scire facias was tendered on August 2, and he inquired about the status of his request for issuance of scire facias on August 18. Relator sought Respondent's action on both petitions.

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).

In the present case, the August 27 letter is not file-marked and there is no indication that Respondent actually received the letter. *See In re Taylor*, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[ ]"). Thus, based on the record before us, we cannot conclude that the matters were brought to Respondent's attention. And once those matters are brought to Respondent's attention, he has a reasonable time in which to rule. *See Thomas*, 2005 WL 2155244, at *1. Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *Chavez*, 62 S.W.3d at 228. "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the

4

existence of other judicial and administrative matters which must be addressed first." ***Id***. at 228–29.

Relator presents no evidence of the number of other cases, motions, or issues pending on Respondent's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Respondent's schedule. *See **id**.* at 229. Relator's appendix does not contain a copy of the second petition for protective order and the copy of the petition for scire facias is not file marked. Thus, the evidence does not demonstrate whether either document was actually filed and, if filed, how long the petitions have actually been pending. "Absent a showing that the particular circumstances of the case demand a more expeditious ruling, a longer period of time is usually required to elapse before a trial court is compelled to rule on a *properly filed* motion." ***In re Halley***, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (emphasis added). Under these circumstances, we cannot say that Relator's petitions were properly filed or that a reasonable time for ruling on the second petition for protective order or the petition for issuance of scire facias has passed. Accordingly, Relator has not established his entitlement to mandamus relief.

## DISPOSITION

For the reasons discussed above, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered March 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 10, 2021**

**NO. 12-20-00256-CV**

**JOE MARLIN GILMER,**
Relator
V.

**HON. JOSHUA Z. WINTTERS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-20-00256-CV and a party in trial court cause number 15425, pending on the docket of the County Court at Law of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on November 12, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*